UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS L. DOWNEY,

        Plaintiff,

v.                      Case No. 8:11-CV-2065-T-33TGW

DESIREE WASHINGTON,
ERNEST POWELL,

        Defendants.

_____

## **O R D E R**

This cause is before the Court on Defendants Washington and Powell's motion to dismiss or in the alternative, motion for summary judgment. (Doc. 18). Because the motion is supported by affidavits and other exhibits, the Court construed the motion as a motion for summary judgment and directed Plaintiff Downey to respond to the motion on or before April 5, 2012. (Doc. 20). As of the date of this order, Downey has not filed a response to the motion for summary judgment.

Because the evidence, viewed in the light most favorable to Plaintiff Downey presents no genuine issue of fact and compels judgment as a matter of law, the Defendants' motion for summary judgment will be **granted.**

## BACKGROUND

Downey is a state prison inmate serving an overall ten-year sentence in the Florida Department of Corrections (DOC). His inmate status arises from the revocation of a previously-imposed term of community supervision. Defendants Washington and Powell are employed as Correctional Probation Officers with the DOC and are responsible for supervision of felony offenders.

Downey is proceeding on a 42 U.S.C. Section 1983 civil rights complaint on several different theories of liability. Downey seeks declaratory relief and compensatory and punitive damages.

## PLAINTIFF DOWNEY'S ALLEGATIONS

Downey alleges that Officer Washington filed false charges against him for Battery on a Law Enforcement Officer ("Battery") and Resisting Arrest Without Violence ("Obstruction"). He further alleges that Officer Washington testified falsely at his probation violation hearing, stating that her right hand was injured during Downey's arrest. Downey claims that Officer Powell "collaborated" Washington's false testimony. (Doc. 1, p. 3, par. 9; p. 4, par. 10). Downey claims his fifteen-year sentence was imposed because of the false testimony. (Doc. 1, p. 3, par. 9). Downey further alleges that the "trial court overturned Plaintiff's conviction for nonexistent crime and reduced Plaintiff's sentence to ten (10) years." (Doc. 1, p. 4. par. 13). He asserts that Washington and Powell's conspiracy prevented his receiving court-ordered drug treatment. (Doc. 1, p. 7-8, par. 14).

Downey claims that he "would not have serve [sic] one day in Florida State Prison if it was not for the evil and vindictive intentions of Probation Officer Washington to have Plaintiff serve a lengthy prison sentence." (Doc. 1, p. 5, par. 15). Downey further claims

2

that the actions of Officers Washington and Powell constitute malicious prosecution, abuse of power, abuse of legal process, intentional infliction of emotional distress and mental harm, deprivation of freedom, and deprivation of due process. (Doc. 1, p. 5, par.17).

**STATEMENT OF MATERIAL FACTS**

On November 14, 2001, in Hillsborough County Circuit Court case number 01-CF-005434, Downey was convicted of Lewd and Lascivious Battery. He was sentenced to two years community control followed by four years probation. (Exhibit A -- Judgment, Sentence, Order of Community Supervision).

> In relevant part, the conditions of Downey's supervision included:
>
> Condition 5 -- You will live and remain at liberty without violating the law. Conviction in a court of law shall not be necessary in order for such violation to constitute a violation of your community supervision.
>
> Condition 7 -- You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
>
> Condition 9 -- You will promptly and truthfully answer all inquiries directed to you by the court or your officer, and allow the officer to visit in your home, at your employment site or elsewhere and you will comply with all instructions your officer may give you.
>
> He was also required to submit to random drug screening.

(Exhibits A4-A5).

From December 2001 to April 2005, Downey was returned to court numerous times for supervision violations, but was restored to supervision each time. (Exhibit B -- Jail credit order summarizing Downey's supervision history).

On October 4, 2005, Downey submitted to urinalysis testing by Officer Powell. The urine tested positive for cocaine. (Exhibits C, D -- Powell, Washington Affidavits).

Downey attempted to flee and resisted attempts to place him in handcuffs. He injured Officer Washington. (Exhibits C, D -- Powell, Washington Affidavits). Downey admitted to the use of cocaine. (Exhibit E -- Admission). As a result of his actions, Downey was arrested by the Tampa Police Department for probation violations and "new law" violations of Battery on a Law Enforcement Officer and Obstructing With Violence. (Exhibit F -- Hillsborough County Sheriff's Office Booking Report). Subsequently, those charges were nolle prossed by the State Attorney's office. (Exhibit R -- Hillsborough County Case Docket Case # 05-CF-021602).

Officer Washington reported the probation violations to the state trial court in a Violation Report. The specific violations for which Downey was charged included:

> Condition 5 -- Law violations including (1) possession of drugs as reflected in his positive urinalysis for cocaine, (2) Resisting Arrest with Violence and (3) Battery on Law Enforcement.
>
> Condition 7-- Possession of drugs as reflected in his positive urinalysis for cocaine.
>
> Condition 9 -- Failure to follow instructions i.e., the verbal commands given by Washington.

(Exhibit G -- Violation Report). The violation report recommended that Downey be sentenced to three years incarceration followed by three years sex offender probation. On March 16, 2006, Downey's probation supervision was revoked and he was sentenced to a term of fifteen years incarceration for violations of probation supervision conditions 5, 7, and 9. (Exhibit H -- Violation of Probation Hearing Transcripts [Partial]; Exhibit I -- Probation Revocation Order; Exhibit J -- Judgment, Sentence, Scoresheet).[1] The state

---

[1] The Probation Revocation Order (Exhibit I) contains a scrivener's error in the year. The Probation Violation Hearing transcript reflects the correct year of revocation. (Exhibit H).

district court of appeal affirmed the judgment and sentence and issued the mandate on March 2, 2007. *Downey v. State*, 951 So.2d 839 (Fla. 2nd DCA 2007)(table). (Exhibit K -- Order Transferring for Resentencing).

The Sentencing Guidelines Scoresheet reflects that under "Additional Offenses," Downey was scored points for the offense of Battery on a Law Enforcement Officer and Obstruction Without Violence. (Exhibit J6 -- March 16, 2006, Sentencing Guidelines Scoresheet). On April 8, 2010, Downey was resentenced, after the additional offenses were nolle prossed, to ten years incarceration with a corrected scoresheet that did not reflect "Additional Offenses." (Exhibit L-- Judgment, Sentence, Scoresheet).

Downey filed the present 42 U.S.C. § 1983 civil rights complaint on September 7, 2011.

## STANDARD FOR SUMMARY JUDGMENT

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law." *Swisher Int'l, Inc. v. Schafer*, 550 F.3d 1046, 1050 (11th Cir. 2008); Fed.R.Civ.P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir.2004).

The standard for creating a genuine dispute of fact requires courts to "make all reasonable inferences in favor of the party opposing summary judgment," *Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc), not to make all possible inferences in the non-moving party's favor. Further, "allegations in affidavits must be based on personal knowledge, and not be based, even in part, 'upon information and belief.' " *Pittman v. Tucker*, 213 Fed. Appx. 867, 870 (11th Cir.2007) (quoting *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002)). Rule 56(e) provides that an affidavit submitted in conjunction with a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed.R.Civ.P. 56(e).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." *Beard v. Banks*, 548 U.S. 521, 529 (2006) (citations omitted); *Celotex*, 477 U.S. at 322; *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1225 (11th Cir.1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. *Beard*, 548 U.S. at 529 (citations omitted); *Shotz v. City of Plantation, Fl.*, 344 F.3d 1161, 1164 (11th Cir. 2003). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, [the court's] inferences must accord deference to the views of prison authorities." *Beard*, 548 U.S. at 530. "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Cuesta v. School Bd. of Miami-Dade County,* 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir.1997) (stating that plaintiff's "conclusory assertions ... in the absence of supporting evidence, are insufficient to withstand summary judgment"); *Harris v. Ostrout,* 65 F.3d 912, 916 (11th Cir.1995) (finding that inmates failure to produce "nothing, beyond his own conclusory allegations" to demonstrate defendant's actions "motivated by retaliatory animus" warrants grant of summary judgment in favor of defendant). In the summary judgment context, the Court must construe pro se pleadings more liberally than those of a party represented by an attorney. *Loren v. Sasser*, 309 F.3d 1296, 1301 (11th Cir.2002).

For the reasons below, there are no remaining genuine issues of fact and Defendants are entitled to summary judgment.

## DISCUSSION

### Defendants are Immune from Suit for Damages in their Official Capacity

To the extent the Defendants are sued in their official capacities for damages, they are entitled to Eleventh Amendment immunity. The Eleventh Amendment protects a State from being sued in federal court without the State's consent. *McClendon v. Georgia*

*Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001). Eleventh Amendment immunity bars suits brought against state employees or officers sued in their official capacities for monetary damages because those actions actually seek recovery from state funds. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985); *Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993).

Eleventh Amendment immunity applies unless Congress abrogates that immunity or the state waives the immunity and consents to be sued. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521,1524 (11th Cir. 1990). It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490 (11th Cir. 1995). Florida has not waived its sovereign immunity or consented to be sued in § 1983 damage suits. *See Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F. 2d 1509, 1513 (11th Cir. 1986); Fla. Stat. § 768.28(17).

Downey's claims against Defendants Washington and Powell in their official capacity have no merit.

### **Washington and Powell Are Entitled to Qualified Immunity In their Individual Capacity**

### **Standard of Review for Qualified Immunity**

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir.2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To be even potentially eligible for qualified immunity, the official has the burden

of establishing that he was acting 'within the scope of his discretionary authority.'" *O'Rourke v. Hayes*, 378 F.3d 1201, 1205 (11th Cir.2004) (quoting *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir.1995)).

Once it is established that the Defendants were acting within their discretionary authority, the burden shifts to the Plaintiff to prove that qualified immunity is not warranted. *Vinyard*, 311 F.3d at 1346. The Supreme Court has articulated a two-part test in the qualified immunity analysis. First, the court must determine whether the plaintiff's allegations establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (stating that the court must evaluate the complaint to determine if, assuming the allegations are true, it pleads a cognizable violation of the constitution). If this is answered in the affirmative, the court's next step is to determine whether the right in question was clearly established. *Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Id.* at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999) (stating that "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established.")). In essence, a defendant is entitled to "fair warning" that his alleged conduct would be unconstitutional. *Hope*, 536 U.S. at 741.

Downey must satisfy both prongs set out in *Saucier* to establish the inappropriateness of extending qualified immunity to any Defendant in this matter. As the Supreme Court has announced: "[t]he relevant, dispositive inquiry in determining whether

a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier* at 202.

In the Eleventh Circuit, "for the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors in the defendants' place, that what he is doing violates federal law." *Jenkins v. Talladega City Board of Education*, 115 F.3d 821, 823 (11th Cir. 1997)(en banc)(citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"[A] public official is entitled to qualified immunity unless, at the time of the incident, the preexisting law dictates, that is, truly compel[s], the conclusion for all reasonable similarly situated public officials that what [the official] was doing violated [the plaintiff's] federal rights in the circumstance." *Wilson v. Zellner*, 200 F.Supp. 2d 1356, 1360 (M.D. Fla. 2002), (citing *Marsh v. Butler County*, 268 F.3d 1014, 1030-31 (11th Cir. 2001)(en banc)).

**ANALYSIS**

It is undisputed that Officers Washington and Powell were acting within the scope of their discretionary authority as probation officers in their dealings with Downey. Therefore, the burden shifts to Downey to show that qualified immunity is not warranted. To meet his burden, Downey must establish that it should have been clear to reasonable probation officers under the facts and circumstances of their dealings with Downey that their actions were unlawful. Downey has not met this standard.

Downey alleges that he was wrongfully charged by Officer Washington with Battery and Obstruction. As support, he points to the fact that the Battery charge was nolle

prossed by the State Attorney's office. (Exhibit R -- Hillsborough County Circuit Court case #05-CF-021602). Downey also claims that his sentence was reduced because the Battery charge was overturned.

Downey is mistaken and misunderstands the discretionary aspect of probation supervision. First, the state trial court, after a valid due process hearing, revoked Downey's probation on all of the probation violation charges brought by Officer Washington. "Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation ... and a formal conviction of a crime is not essential to enable the judge to revoke an order of probation." *Bernhardt v. State*, 288 So.2d 490, 501 (Fla. 1974).

Second, Officers Washington and Powell had sufficient probable cause to charge Downey with probation violations. Notwithstanding the two "new law" violations, Downey tested positive for illegal drug use and he admitted to the drug use. "Probable cause exists if 'the/acts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990). When an officer asserts qualified immunity, the issue is not whether probable cause existed in fact, but whether the officer had "arguable" probable cause to arrest. *Moore v. Gwinnett County*, 967 F.2d 1495, 1497 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993).[2] That is, the officer is entitled to qualified immunity if a reasonable officer "could have believed that probable

---

[2] No United States Reporter cite available.

11

cause existed." *Id.* There is no question that Officers Washington and Powell had cause to take Downey into custody and return him to court.

Third, Downey's claim that his sentence was reduced because the "new law" violations were overturned is not supported by the record. Deduction of the Battery and Obstruction charges as additional offenses on the sentencing guidelines scoresheet only reduced the original score by 38 points. (Compare Exhibits J6 with L5). It was clearly within the state trial court's discretion to reduce the sentence as it saw fit. Furthermore, Downey offers no evidence to demonstrate that the Court reduced the incarceration sentence from an overall fifteen to ten years because of the non-prosecution of the newly charged criminal violations of Battery and Obstruction.

For the foregoing reasons, Defendants Washington and Powell are entitled to qualified immunity in their individual capacities.

### U.S.C. Section 1997e(e) Bars Damages for Mental or Emotional Injury Suffered While in Custody Where There Is no Showing of Physical Injury

Downey seeks compensatory and punitive damages. Downey asserts a claim for mental or emotional injury but he alleges no physical injury. It is well- settled in the law of the Eleventh Circuit that compensatory and punitive damages are not available in the absence of a physical injury.

The Prison Litigation Reform Act of 1995 amends Section 7(e) of the Civil Rights of Institutionalized Persons Act to require a prior showing of physical injury before an inmate can bring a civil action for mental or emotional injury suffered while in custody. As Downey has shown no physical injury with respect to his claims, he is not entitled to compensatory and punitive damages. *See Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir.

2007)(plaintiff prisoner who demonstrated no physical harm not entitled to compensatory or punitive damages).

**Downey Not Entitled to Declaratory Relief**

Because Downey has not shown that Defendants violated his constitutional rights, he is not entitled to declaratory relief.

Accordingly, the Court orders:

That Defendants' motion for summary judgment (Doc. 18) is granted. The Clerk is directed to enter judgment for Defendants and to close this case.

ORDERED at Tampa, Florida, on April 23, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Travis Downey